UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

     Plaintiff,

v.

     Case No. 24-11997
     Honorable Laurie J. Michelson

EDWARD MASTER,

     Defendant.

---

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND SUMMARILY DISMISSING CLAIMS**

---

*Pro se* plaintiff Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983, against Edward Master, the Spaulding Township Supervisor. Groulx says Master violated his First Amendment free speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 16, 2024, township meeting. Groulx also brings analogous claims under the Michigan Constitution, and state-law defamation and gross negligence claims. He seeks over 18 million dollars in damages.

As explained below, Groulx's free speech claims under the United States and Michigan Constitutions may proceed. Groulx's other claims are dismissed without prejudice to refiling in state court.

**I.**

Along with his complaint, Groulx filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs (*in forma*

*pauperis*). Groulx says that he has no income other than a $110 weekly donation or gift, has merely $5 in his checking or savings account, and pays around $400 a month in car expenses and taxes. (*Id.* at PageID.26–27.) The Court finds that Groulx is thus entitled to proceed *in forma pauperis* and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

When, as here, a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). And as part of its preliminary screening, the Court must also dismiss any defendants who are immune from suit for monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b); *McGore*, 114 F.3d at 608.

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

2

And although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, *pro se* complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011)*; see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'").

## II.

The factual allegations in Groulx's complaint and supporting affidavit are sparse and hard to make out. As far as the Court understands, Groulx alleges that Master violated his rights under the First and Fourteenth Amendments by restricting Groulx's speech at a township meeting to three minutes when "other individuals have previously been permitted to speak for ten or more [minutes] at Township meetings." (ECF No. 1, PageID.2–3.) Groulx says that the limitation of his speaking time was in violation of the Equal Protection Clause; in violation of his free speech rights; and in violation of his due process rights as it deprived him of his "words" which, he says,

3

are property. (*Id.* at PageID.11.) Groulx also brings analogous claims under the Michigan Constitution. (*Id.* at PageID.7.) In less related allegations, Groulx claims that Master made defamatory statements against him by accusing him of selling "cannabis or cannabis products" and suggesting fraudulent behavior. (*Id.*)

The Court's screening of the Complaint reveals several deficiencies. To begin, Section 1983 does not, on its own, serve as a source of substantive rights, but merely serves as a mechanism for enforcing individual rights secured elsewhere. *Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). To bring a successful § 1983 claim, Groulx must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law. *Id.*

As a threshold matter, Section 1983 is only available for violations of the United States Constitution or other federal laws. *See, e.g.*, *Ohio ex rel. Faulker v. City of Middletown*, 688 F. App'x 377, 380 (6th Cir. 2017). So Groulx's Section 1983 claims based on the Michigan Constitution are dismissed.

Moving to Groulx's Section 1983 claims for violations of various provisions of the United States Constitution.

First, Groulx says Master violated his rights under the Fourteenth Amendment Due Process Clause. Specifically, Groulx says that the limitation of his speaking time deprived him of his property—his words.

The Due Process Clause offers procedural and substantive protections against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1, *Wilson v.*

*Beebe*, 770 F.2d 578 (6th Cir. 1985). The threshold issue of due process analysis with respect to an action brought pursuant to 42 U.S.C. § 1983 is whether a plaintiff has been deprived of one of these protected interests. *Id*. Here, Groulx insufficiently alleges both procedural and substantive due process claims.

Notably, procedural due process requirements dictate that any deprivation of a constitutionally protected property interest be accompanied by notice and an opportunity to be heard. *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989). Groulx has not adequately pled a deprivation of a protected property interest. Indeed, even if speech could be deemed property, Groulx's allegations make clear that he was permitted to speak for three minutes. And Groulx makes no allegations as to any lack of process that he was allegedly due. *See Chandler v. Chagrin Falls,* 296 Fed. Appx. 463, 469 (6th Cir. 2008) (noting that "to establish a procedural due process claim pursuant to § 1983, [plaintiff] must establish three elements: (1) that she has a life, liberty, or property interest protected by the Due Process Clause; (2) that she was deprived of this protected interest within the meaning of the Due Process Clause; and (3) that the state did not afford her adequate procedural rights prior to depriving her of her protected interest.")

Moreover, any claim for a violation of Groulx's "substantive due process right to free speech is duplicative of his First Amendment free speech claim." *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) ("The Supreme Court has held a cause of action cannot be based in substantive due process where a more specific constitutional provision is applicable) (citing *Albright v. Oliver,*

5

510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'")). Accordingly, Groulx's due process claim is dismissed.

Next, Groulx brings a Fourteenth Amendment equal protection claim. The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Franks v. Rubitschun*, 312 F. App'x 764, 765 (6th Cir. 2009) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio,* 430 F.3d 783, 788 (6th Cir. 2005)). While "membership in a protected class triggers heightened review, which is frequently determinative of success on the merits;" it is not a prerequisite to stating an equal protection claim as a class-of-one theory remains available. *Id.*

A "class of one" equal protection claim is a claim that the government has "intentionally treat[ed] one differently from others similarly situated without any rational basis for the difference." *Green Genie, Inc. v. City of Detroit*, 63 F.4th 521, 527 (6th Cir. 2023); *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (laying out the basic requirements for stating a valid class-of-one claim and explaining that a plaintiff must allege "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"). These claims most frequently deal with allegations of

6

arbitrary legislative or regulatory classifications. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008).

Groulx's class-of-one equal protection claim fails for similar reasons his due process claim fails. The problem is that Groulx's complaint "impermissibly repackages [a First] Amendment claim as a 'class of one' claim under the Fourteenth Amendment." *See Walker v. Baker*, No. 23-1232, 2023 WL 6380124, at *2 (6th Cir. Sept. 27, 2023) (upholding dismissal of equal protection class-of-one claim and noting that the claim was "unavailing" where the underlying conduct was protected by more directly applicable Eighth Amendment claim). So too here. Groulx's claim is based on a speech restriction—the limitation of his speaking time at a township meeting to three minutes. Though he says this restriction was discriminatory (a bare allegation at that), this is insufficient to make out a stand-alone class-of-one equal protection claim and is unavailing where the underlying conduct is protected more directly by the First Amendment. Accordingly, Groulx's class-of-one equal protection claim is dismissed.

That leaves Groulx's First Amendment free speech claim, which the Court will allow to proceed at this stage. *See generally, Johnson v. Knox Cnt'y Board of Ed.*, No. 22-00137, 2024 WL 3740053, at *3 (E.D. Tenn. Mar. 31, 2024) ("To analyze a claim involving a First Amendment rights deprivation, courts engage in a three-part inquiry: first, the court determines whether the speech at issue is afforded constitutional protection; second, the court examines the nature of the forum where the speech was made; and third, the court assesses whether the government's

justification for excluding the plaintiff from the relevant forum satisfies the applicable standard of review."(citing *Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 242 (6th Cir. 2015)).

## III.

As for Groulx's state law claims—the Court will exercise supplemental jurisdiction over Groulx's free speech claim under the Michigan Constitution, but it will decline to exercise supplemental jurisdiction over his other state-law claims.

By statute, federal courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as any federal claims. *See* 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (citation omitted). But even if the claim is sufficiently related such that the Court could exercise supplemental jurisdiction, that does not mean it should. Courts have discretion to decline to exercise such jurisdiction when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (where "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals"). A court also may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *See Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (declining to exercise supplemental jurisdiction over state-law claims because they would "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"); *see also Gibbs*, 383 U.S. at 727 (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

As noted above, the Court will exercise supplemental jurisdiction over Groulx's free speech claim under the analogous provision of the Michigan Constitution since it involves largely the same elements as the federal free speech claim. *See Atlanta Cmty. Sch. v. Alpena-Montmorency-Alcona Educ. Serv. Dist.*, No. 11-14361, 2012 WL 4133563, at *14 (E.D. Mich. Sept. 18, 2012) ("The language contained in the First Amendment of the United States Constitution and the Michigan free speech clause are similar, and provide that '[t]he rights to free speech under the Michigan and federal constitutions are coterminous. Thus, federal authority construing the First Amendment may be used in construing the Michigan Constitution's free speech guarantee.'")

9

However, the Court will not exercise supplemental jurisdiction over Groulx's state-law claims for defamation, gross negligence, due process, and equal protection, which have different elements and standards of proof than the remaining federal claim, implicate various legal theories and state-law immunity matters, and would likely predominate over the federal claim and present a significant risk of jury confusion. *See, e.g., Miner v. Ogemaw Cnty. Rd. Comm'n,* No. 21-11192, 2022 WL 4017281, at *12 (E.D. Mich. Sept. 2, 2022) (stating that under Michigan's Governmental Tort Liability Act, "Michigan governmental agencies, and political subdivisions are immune from tort liability 'unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government.'"); *and see Padilla v. City of Saginaw,* 867 F. Supp. 1309, 1315 (E.D. Mich. 1994) ("The state claims and federal claims have different legal standards, rules of vicarious liability and immunity, and recoverable damages, and it would be very difficult for a jury to keep them straight.").

Accordingly, Groulx's state law claims for defamation and gross negligence, and his claims for violations of due process and equal protection under the Michigan Constitution are dismissed without prejudice.

## IV.

In sum, Groulx's Fourteenth Amendment Due Process Clause and Equal Protection Clause claims are DISMISSED WITHOUT PREJUDICE. Groulx's state law defamation, gross negligence, due process, and equal protection claims are also

DISMISSED WITHOUT PREJUDICE. Groulx's First Amendment and Michigan Constitution free speech claims may proceed.

SO ORDERED.

Dated: August 21, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

11