UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH GROULX, | Case No. 1:24-cv-11997 |
| *Plaintiff*, | Laurie J. Michelson |
| v. | United States District Judge |
| EDWARD MASTER,[1] | Patricia T. Morris |
| *Defendant*. | United States Magistrate Judge |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROHIBIT USE OF TAXPAYER FUNDS (ECF No. 11) AND TO DENY PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (ECF No. 12)**

### I.  RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion to prohibit Defendant's use of taxpayer funds (ECF No. 11) and **DENY** Plaintiff's motion for a protective order (ECF No. 12).

### II.  REPORT

#### A.  Introduction and Background

Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983 against Edward Master, the Spaulding Township Supervisor. Groulx says Master violated his First Amendment free speech rights as well as his Fourteenth

---

[1] Although misspelled in the docket and in Plaintiff's complaint, the Undersigned recognizes that Defendant's name is correctly spelled as "Edward Masters." (ECF No. 17, PageID.80).

1

Amendment due process and equal protection rights by restricting his speech to three minutes at an April 2024 township meeting. He seeks over eighteen million dollars in damages.

After obtaining the Court's leave to proceed *in forma pauperis* (ECF No. 4), Groulx simultaneously filed two motions: one labeled as a "Motion to Prohibit Use of Taxpayer Funds for Legal Defense and Disqualify Conflict-Ridden Counsel Prior to Service of Summons and Complaint" and the other labeled as a "Motion for a Protective Order." (ECF No. 11, PageID.53; ECF No. 12, PageID.58).

In the former motion, Groulx asks the Court to enjoin Spaulding Township from funding Masters's defense with "taxpayer funds." (ECF No. 11, PageID.53–57). Groulx reasons that because he pays taxes to Spaulding Township, using municipal funds would "create[e] a conflict of interest and compromis[e] the fairness of the proceedings." (*Id.*) For similar reasons, Groulx also moves the Court to disqualify a law firm called "Smith Bovill" from representing Masters. (*Id.*) The firm, according to Groulx, "currently represents Spaulding Township and Saginaw County," where Groulx resides, and he argues that representing a municipal employee in an action against a resident would create a "conflict of interest." (*Id.*)

In the latter motion, Groulx requests an injunction that would prohibit Masters from retaliating against him for filing this action. (ECF No. 12, PageID.58–62). Groulx's fear of retaliation appears to stem from a letter he received from an attorney

representing Spaulding Township in response to a letter Groulx mailed to Masters in July 2024. (*Id.* at PageID.61). Groulx's letter to Masters accused him and the Township of violating Groulx's constitutional rights by blowing a "horn," and it demanded that they pay Groulx three million dollars, else Groulx would pursue a forty-five-million-dollar judgment in federal court. (*Id.* at PageID.66–68). The Township's attorney responded by threatening to pursue "criminal" charges, or other "legal action," against Groulx if he "persist[ed] in [his] bizarre and frivolous behavior." (*Id.* at PageID.63–64).

Both motions should be denied.

### B.     Motion for a Protective Order (ECF No. 12)

Starting with Groulx's motion for a "protective order," the Court should decline to grant Groulx's requested injunction because it is unrelated to his claim against Masters. Under Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction "to prevent irreparable injury" to the plaintiff. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The purpose of a preliminary injunction "'is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was . . . harmed through the illegality *alleged in the complaint*.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (emphasis added) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997)). Put differently, a preliminary

injunction is appropriate where "the movant has shown she is likely to win at trial but that waiting until then to provide relief will cause her irreparable harm." *Berryman v. Stephenson*, No. 21-10925, 2022 WL 3684591, at *2 (E.D. Mich. Aug. 25, 2022).

Because preliminary injunctions are designed to accelerate the relief a plaintiff normally could not receive until after trial, a plaintiff "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint'" to obtain preliminary injunctive relief. *Colvin*, 605 F.3d at 300 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). And to demonstrate an adequate "relationship" between the injunction and the complaint, it is not enough for a plaintiff to simply show that the injunction would prevent a harm that is like those alleged in the complaint. *See id.*; *see also Omega*, 111 F.3d at 16. Nor is it enough for the plaintiff to show that the irreparable harm arises out of the same set of facts as the complaint. *See Jackson v. Proctor*, No. 3:20-cv-4810155, 2020 WL 4810155, at *2 (E.D. Ky. July 27, 2020). The injunction must remedy the precise harm for which the plaintiff seeks redress in his complaint. *See Berryman*, 2022 WL 3684591, at *2.

That is why most courts hold that they cannot enjoin defendants from interfering with a plaintiff's access to the courts when the plaintiff does not allege any such interference in his complaint. Take *Devose v. Herrington* for example. 42

4

F.3d at 471. There, a prisoner sued a group of prison officials for providing him "inadequate medical treatment" after he was "injured in a van accident while being transported between units." *Id.* After filing his complaint, the prisoner moved for a preliminary injunction, asserting that the officials retaliated against him for filing the lawsuit by "fil[ing] trumped-up disciplinary charges. . . ." *Id.* The Eighth Circuit denied the prisoner's motion, reasoning that while his "assertions might support additional claims against the same prison officials," his motion for a preliminary injunction had "nothing to do" with the "claim raised" in his complaint. *Id.* And the fact that the officials' actions may have interfered with the prisoner's ability to litigate his lawsuit made no difference to the Court's analysis. *See id.*; *accord Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018); *Jackson*, 2020 WL 4810155, at *2; *Beasley v. Westbrooks*, No. 3:16-cv-03010, 2018 WL 272682, at *6 (M.D. Tenn. Jan. 3, 2018).

As in *Devose*, Groulx's motion for an injunction "has nothing to do" with the harms alleged in his complaint. 42 F.3d at 471. His complaint does not accuse Masters of planning or threatening to file criminal charges in retaliation for this action. (ECF No. 1). In fact, this case does not even concern the dispute over which Masters and the Township threatened to pursue criminal charges. Thus, Groulx asks the Court to do more than expedite his desired relief while his case is pending; he seeks to use a Rule 65 motion to circumvent pleading a new cause of action.

5

Accordingly, I recommend that the Court deny Groulx's motion for a protective order.

      C.      **Motion to Prohibit Use of Taxpayer Funds (ECF No. 11)**

The Court should also deny Groulx's motion to disqualify counsel and prohibit Masters from defending this action with public funds. First, Groulx's motion is moot to the extent that he moves the Court to disqualify Smith Bovill because Masters is instead represented by the firm "Foster Swift Collins & Smith." (ECF Nos. 16, 20). Of course, Groulx's argument—that the representation of a Township employee in an action against a Township resident creates a conflict of interest—would apply equally to Foster Smith. But even if Groulx moved to disqualify Foster Smith on this basis, his motion should still be denied.

Attorneys who represent government bodies have no attorney-client relationship with the residents of their jurisdiction. *See generally Macomb Co. Taxpayers Ass'n v. L'anse Creuse Pub. Sch.*, 564 N.W.2d 457, 462 (Mich. 1997) ("The rendering of legal advice and legal services by the attorney and the client's reliance on that advice or those services is the benchmark of an attorney-client relationship."). Thus, no conflict arises when the government's lawyer represents the state in a suit against one of its residents. *See id.*; Mich. R. Prof'l Conduct 1.17 (explaining that lawyers need only avoid conflicts of interest that affect their "representation" of a "client").

6

Insofar as Groulx moves the Court to prohibit Masters from "financ[ing]" his defense with public funds, he fails explain how the Court has the authority to enter such an injunction. Federal Courts only possess that power which is "authorized by Constitution or Statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They have no general power to act and cannot issue binding orders without deriving authority from some statute or constitutional provision. *See id.* The Undersigned is not aware of any law empowering the Court to take the extraordinary measure of prohibiting a municipality from funding the legal defense of its employees, and Groulx cites no such law in his brief. Accordingly, the Court should decline to prohibit Masters from relying on public funds for his legal defense.

## III. CONCLUSION

For these reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion to prohibit Defendant's use of taxpayer funds (ECF No. 11) and **DENY** Plaintiff's motion for a protective order (ECF No. 12).

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 29, 2024                                        S/PATRICIA T. MORRIS
                                                                          Patricia T. Morris
                                                                          United States Magistrate Judge