UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JOSEPH GROULX,

    Plaintiff,

v.

EDWARD MASTER,

    Defendant.

Case No. 24-11997
Honorable Laurie J. Michelson

**ORDER ADOPTING REPORT AND RECOMMENDATION [22] AND DISMISSING PLAINTIFF'S MOTIONS [11, 12]**

*Pro se* plaintiff Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983, against Edward Master, the Spaulding Township Supervisor. Groulx says Master violated his First Amendment free speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 16, 2024, township meeting. (ECF No. 1.) Groulx also brings analogous claims under the Michigan Constitution, and state-law defamation and gross negligence claims. (*Id.*) He seeks over 18 million dollars in damages. (*Id.*)

On August 23, 2024, Groulx filed two motions: (1) a motion to "prohibit use of taxpayer funds for legal defense and disqualify conflict-ridden counsel prior to service of summons and complaint" (ECF No. 11) and (2) a motion for a protective order (ECF No. 12). Shortly thereafter, all pretrial matters in this case were referred to Magistrate Judge Patricia Morris. (ECF No. 14.) On October 29, 2024, Judge Morris

issued a Report and Recommendation to deny both of Groulx's motions. (ECF No. 22.) Regarding Groulx's motion to prohibit use of taxpayer funds, Judge Morris found that the Court lacks the authority to issue such an injunction, explaining that courts "have no general power to act and cannot issue binding orders without deriving authority from some statute or constitutional provision." (*Id.* at PageID.126.) As for Groulx's motion for a protective order, Judge Morris reasoned that it has nothing to do with the harms alleged in his complaint and is nothing more than an attempt to expedite his desired relief while the case is pending. (*Id.* at PageID.124.)

At the conclusion of her Report and Recommendation, Judge Morris notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 22, PageID.127.) It has now been more than fourteen days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving

review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court thus finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 22.) It follows that Groulx's motions (ECF Nos. 11, 12) are DENIED.

SO ORDERED.

Dated: November 13, 2024

                                        s/Laurie J. Michelson

                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE