UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JOSEPH GROULX,

    Plaintiff,

v.

EDWARD MASTER,

    Defendant.

Case No. 24-11997
Honorable Laurie J. Michelson

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [24, 25], ADOPTING REPORT AND RECOMMENDATION [22], AND DENYING PLAINTIFF'S MOTIONS [11, 12]**

---

*Pro se* plaintiff Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983, against Edward Master, the Spaulding Township Supervisor. Groulx says Master violated his First Amendment free speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 16, 2024, township meeting. (ECF No. 1.) Groulx also brings analogous claims under the Michigan Constitution, and state-law defamation and gross negligence claims. (*Id.*) He seeks over 18 million dollars in damages. (*Id.*)

On August 23, 2024, Groulx filed two motions: (1) a motion to "prohibit use of taxpayer funds for legal defense and disqualify conflict-ridden counsel prior to service of summons and complaint" (ECF No. 11) and (2) a motion for a protective order (ECF No. 12). Shortly thereafter, all pretrial matters in this case were referred to

Magistrate Judge Patricia Morris. (ECF No. 14.) On October 29, 2024, Judge Morris issued a Report and Recommendation to deny both of Groulx's motions. (ECF No. 22.)

Regarding Groulx's motion to prohibit the use of taxpayer funds, Judge Morris found that the Court lacks the authority to issue such an injunction, explaining that courts "have no general power to act and cannot issue binding orders without deriving authority from some statute or constitutional provision." (*Id.* at PageID.126.) Judge Morris explained that there is no "law empowering the Court to take the extraordinary measure of prohibiting a municipality from funding the legal defense of its employees, and Groulx cites no such law in his brief. (*Id.*)

As for Groulx's motion for a protective order, Judge Morris reasoned that the Court should decline to issue a preliminary injunction because Groulx's request "has nothing to do with the harms alleged in his complaint" and is nothing more than an attempt to expedite his desired relief while the case is pending. (*Id.* at PageID.124.) Indeed, the purpose of a preliminary injunction "'is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was . . . harmed through the illegality *alleged in the complaint*.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (emphasis added). But here, Groulx's complaint did not accuse Master of planning or threatening to retaliate against Groulx.

Groulx filed two objections to the report and recommendation. (ECF Nos. 24, 25.) For the following reasons, the Court overrules these objections and adopts the recommended disposition.

2

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs.*, LLC, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Groulx's first objection explains that he needs a protective order because on September 4, 2024, Master retaliated against him for filing this action by allegedly destroying plant and wildlife that lived in his front lawn. (ECF No. 24.) Groulx says this is a violation of his First, Eighth, Ninth, and Fourteenth Amendment rights. (*Id.*) Groulx's second objection merely rehashes his argument that Spaulding Township should not be allowed to use taxpayer funds to finance Master's legal defense. (ECF No. 25.)

These objections are precisely the type of "frivolous, conclusory, or general" objections that do not warrant *de novo* review. *Mira*, 806 F.2d at 637. Groulx objects to the report and recommendation in its entirety, without specifying which of Judge

Morris' findings he takes issue with. *Id.* ("The parties have the duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider."); *see also Rivette v. Kijakazi*, No. 21-12605, 2023 WL 4666602, at *3 (E.D. Mich. July 20, 2023) (finding that conclusory, unspecific objection was improper where plaintiff failed to point out any error by the magistrate judge). Moreover, neither of Groulx's objections challenge or even address Judge Morris' analysis. And "[m]erely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 15-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). Accordingly, these objections are overruled.

## II.

For the foregoing reasons, the Court OVERRULES Groulx's objections (ECF Nos. 24, 25) and ADOPTS Magistrate Judge Morris' Report and Recommendation (ECF No. 22) in full. Groulx's motions (ECF Nos, 11, 12) are DENIED.

SO ORDERED.

Dated: November 19, 2024

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE