UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JOESPH GROULX,

    Plaintiff,

v.

ED MASTERS,

    Defendant.

Case No. 24-11997
Honorable Laurie J. Michelson

## ORDER LIMITING PLAINTIFF'S FUTURE FILINGS

*Pro se* plaintiff Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983, against Edward Masters, the Spaulding Township Supervisor. Groulx says Masters violated his First Amendment free speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 16, 2024, township meeting. (ECF No. 1.) Groulx also brings analogous claims under the Michigan Constitution, and state-law defamation and gross negligence claims. (*Id.*) He seeks over 18 million dollars in damages. (*Id.*)

All pretrial matters in this case were referred to Magistrate Judge Patricia Morris. (ECF No. 14.) On October 29, 2024, Judge Morris issued a Report and Recommendation to deny Groulx's motion to "prohibit use of taxpayer funds for legal defense" (ECF No. 11) and his motion for a protective order (ECF No. 12). Shortly thereafter, this Court overruled Groulx's objections (ECF Nos. 24, 25) and adopted Judge Morris' recommendation (ECF No. 27).

Since, Groulx has filed twenty-two motions that are now pending before Judge Morris, including but not limited to: a motion to petition the Court to remove defendant from office (ECF No. 59); a motion to petition the Court "for a Grievable Issue of Defendant's Attorney's Criminal Fraud" (ECF No. 60); a motion for sanctions (ECF No. 76); a motion "highlighting Defendant's Silence" (ECF No. 77); a motion to strike "Defendant's Excess Dismissal Motions" (ECF No. 81); and a motion regarding "Defendant's Mischaracterizing of Context Neutrality for Speech" (ECF No. 82).

"It is well established that proceeding *in forma pauperis* is a privilege and not a right." *Emrit v. Combs*, No. 24-129, 2024 U.S. Dist. LEXIS 46239, at *5 (W.D. Mich. Feb. 12, 2024) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A court may not completely foreclose a litigant from access to the court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), but it may impose filing restrictions when a *pro se* filer has abused the privilege of proceeding *in forma pauperis. Emrit*, 2024 U.S. Dist. LEXIS 46239, at *5.

Especially given the nature of the claims that should be the focus of this litigation, Groulx's filings are fast approaching this danger area of being an abuse of process. Upon review, this Court finds that many of Groulx's motions far exceed the scope of motions contemplated by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan. Groulx's repeated motions demonstrate a "pattern of repetitive, frivolous, or vexatious filings." *See Sifuentes v. Michigan*, No. 24-10827, 2024 U.S. Dist. LEXIS 212225, at *6–7 (E.D. Mich. Nov. 21, 2024) (quoting *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023)).

Accordingly, Groulx is to cease filing all motions until the Magistrate Judge has had the opportunity to address the motions that are currently pending before her. *See Petlechkov*, 72 F.4th at 710 (finding that "[f]iling restrictions are the proper method for handling the complaints of prolific litigators" and that "a district court may impose one at its discretion."). Any additional motions filed by Groulx prior to the Magistrate Judge's disposition of the currently pending motions will be stricken and could subject Groulx to sanctions.

IT IS SO ORDERED.

Dated: April 10, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE