UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH GROULX, | Case No. 1:24-cv-11997 |
| *Plaintiff*, | Laurie J. Michelson |
| v. | United States District Judge |
| EDWARD MASTER,[1] | Patricia T. Morris |
| *Defendant*. | United States Magistrate Judge |
| _____/ | |

**OMNIBUS ORDER RESOLVING**
**ECF Nos. 38, 39, 43, 50, 52, 60, 64, 75, 76, 77, 79, 83, and 84**

**I.   Introduction**

Patrick Joseph Groulx filed this civil rights case under 42 U.S.C. § 1983 against Edward Masters, the Spaulding Township Supervisor. Groulx says Masters violated his First Amendment free speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 2024 township meeting. He seeks over eighteen million dollars in damages. (ECF No. 1).

As the District Court noted when limiting Groulx's ability to make future filings, he has filed approximately two dozen motions that remain pending before

---

[1] Although misspelled in the complaint and thus on the docket, the Undersigned recognizes that Defendant's name is correctly spelled as "Edward Masters." (ECF No. 17, PageID.80).

1

the Undersigned. (ECF No. 85, PageID.1602). This Order will resolve eleven of these motions as well as two filed by Masters. (ECF Nos. 38, 39, 43, 50, 52, 60, 64, 75, 76, 77, 79, 83, and 84). For reasons explained below, the motions will be resolved as follows:

- Masters' motion for a protective order (ECF No. 39) will be **GRANTED IN PART**;

- Groulx's motion to modify the scheduling order (ECF No. 64) will be **DENIED AS MOOT**;

- Groulx's expedited motion to compel (ECF No. 38), motion to subpoena Masters to appear and provide discovery responses (ECF No. 43), motion for leave to conduct third-party discovery (ECF No. 52), and motion to compel compliance with Michigan FOIA request (ECF No. 79) will be **DENIED WITHOUT PREJUDICE**;

- Groulx's motion for a hearing and oral argument (ECF No. 50) and motion for hearings on all pending and future motions (ECF No. 75) will be **DENIED**;

- Groulx's motion to petition the Court regarding grievances against defense counsel and oral argument (ECF No. 60), motion to sanction Masters for violating the scheduling order (ECF No. 76), and motion highlighting Masters' silence and requesting relief (ECF No. 77) will be **DENIED**; and

- Masters' motion to expedite consideration of his motion for judgment on the pleadings (ECF No. 83) and Groulx's motion in response (ECF No. 84) will be deemed **RESOLVED** by this Order.

Further, the scheduling order dates will be **SUSPENDED** pending the Undersigned's and then District Court's consideration of *all* pending motions. This means that no further discovery shall take place during the pendency of those motions. If any claims survive those motions, the Undersigned will enter an amended scheduling order allowing for further discovery.

## II.   Discussion

### A.   Masters' Motion for a Protective Order (ECF No. 39)

The Undersigned begins with Masters' motion for a protective order. (ECF No. 39). When Masters filed this motion five months ago, the number of filings and discovery requests from Groulx had become overwhelming. The tide was recently stemmed by the District Court when it entered an order limiting Groulx's ability to make future filings. (ECF No. 85).

In his motion, Masters requests that the Court enter a protective order to shield him "from responding to certain discovery requests and limiting the scope of discovery." (ECF No. 39, PageID.337). Specifically, he seeks a protective order:

(1)   "Forbidding [Groulx] from issuing discovery requests that are not relevant to the issues of the present case, intended to annoy or harass,

3

are argumentative, and improper as to form, and shielding [Masters] from having to answer such questions;"

(2) "Limiting the scope of discovery only to those topics and matters that are relevant to Plaintiff's free speech claims under the U.S. Constitution and Michigan Constitution; and"

(3) "Forbidding Plaintiff from serving any more interrogatories on Defendant, as well as shielding Defendant from having to respond to any interrogatories from Plaintiff that are in excess of the 25 interrogatory limit under Fed. R. Civ. P. 33(a)(1)."

(*Id.* at PageID.337–38).

Under Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). To justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Moreover, "it is well established that the scope of discovery is within the sound discretion of

4

the trial court." *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992) (citations omitted).

Here, Masters has shown good cause for entry of a protective order. Groulx's motion practice and discovery requests have forced Masters to "play a game of Whack-a-Mole." *Fast Felt Corp. v. Owens Corning Roofing & Asphalt, LLC*, No. 3:14 CV 803, 2017 WL 4876789, at *2 (N.D. Ohio July 26, 2017). Other courts have viewed a party's efforts to turn to discovery into such a game unfavorably. *See, e.g.*, *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 972 (M.D. Tenn. 2020) (explaining that a party's interpretation of Rule 26's obligations had "the potential to convert the Rule 26(e) supplementation requirement into a 'whack-a-mole' game" (quoting *Poitra v. Sch. Dist. 1, Cnty. of Denver*, 311 F.R.D. 659, 667 (D. Colo. 2015))). However, rather than grant Masters' requested relief, the Undersigned believes that the best course of action is to **SUSPEND** the scheduling order pending resolution of *all* pending motions.

Going forward, the parties may not conduct any discovery without the Court first entering an amended scheduling to reopen discovery. This prohibition includes both sending new discovery requests and responding to any pending discovery requests. Therefore, Masters' motion for a protective order (ECF No. 39) is **GRANTED IN PART**.

### B. Groulx's Motion to Modify the Scheduling Order (ECF No. 64)

Next is Groulx's motion to modify the scheduling order. (ECF No. 64). Given the Undersigned's decision to suspend the current scheduling order, Groulx's motion is **DENIED AS MOOT**.

### C. Groulx's Discovery Motions (ECF Nos. 38, 43, 52, 79)

Groulx has filed four discovery motions that will be considered together. (ECF Nos. 38, 43, 52, 79). The motions request different flavors of the same thing—more discovery. Because this Order suspends the current scheduling order and a motion for judgment on the pleadings is currently pending, the motions will all be denied without prejudice, which means that Groulx may refile his motions if discovery is reopened and the issues raised therein are still relevant. Accordingly, Groulx's expedited motion to compel (ECF No. 38), motion to subpoena Masters to appear and provide discovery responses (ECF No. 43), motion for leave to conduct third-party discovery (ECF No. 52), and motion to compel compliance with Michigan FOIA request (ECF No. 79) are **DENIED WITHOUT PREJUDICE**.

### D. Groulx's Motions for Oral Argument (ECF Nos. 50, 75)

Groulx has also filed motions asking the Court to hold hearings on all pending motions so he can present his arguments orally. (ECF Nos. 50, 75). As one district court has explained

> [t]he decision to grant oral argument is committed to the sound discretion of the district court. *See generally* Fed. R. Civ. P. 78(b) (establishing that district courts may decide motions without oral argument). The Supreme Court explicitly held as much in *Brown v. Allen*, 344 U.S. 443, 465 (1953), stating: "Since the complete record was before the District Court, there was no need for rehearing or taking of further evidence. The need for argument is a matter of judicial discretion. All issues were adequately presented. There was no abuse."

*McIntyre v. Schweitzer*, No. 5:20-CV-02577-DAR, 2023 WL 11926124, at *1 (N.D. Ohio Mar. 6, 2023) (cleaned up). "Numerous circuit courts have held that denial of oral argument is not prejudicial where the parties had an adequate opportunity to apprise the trial court with evidence and a memorandum of law." *Id.* (internal quotation marks and citation omitted) (collecting cases).

Here, Groulx has filed hundreds of pages for the Court's consideration. The Undersigned has reviewed Groulx's filings and determined that he has adequately presented his arguments in writing thus making oral argument unnecessary. Accordingly, Groulx's motion for a hearing and oral argument (ECF No. 50) and motion for hearings on all pending and future motions (ECF No. 75) are **DENIED**. The Undersigned will rule via written order or issue recommendations via written Reports and Recommendations to which Groulx may then make written objections.

### E.    Groulx's Motions Alleging Wrongdoing (ECF Nos. 60, 76, 77)

The last category of Groulx's motions can be broadly understood as alleging that either Masters or his counsel have committed various wrongs during the pendency of this case. (ECF Nos. 60, 76, 77).

In the first of these motions, Groulx says that he is "petition[ing] the [C]ourt for a grievable issue of [Masters'] attorney committing a criminal fraud action." (ECF No. 60, PageID.1147). Essentially, Groulx alleges that defense counsel has interfered with Groulx's request for information under the Michigan FOIA. (*Id.* at PageID.1150–51). Masters succinctly responded to these allegations, writing:

> Rather than waste this Court's time addressing each of [Groulx's] baseless allegations against [Masters'] counsel, [defense] counsel wholeheartedly denies any and all allegations of criminal misconduct set forth by [Groulx] in this matter. While [Groulx] may not always agree with [defense] counsel, or may have frustrations with [defense] counsel's handling of this case, such does not give [Groulx], nor any litigant, the right to baselessly accuse an opposing party's advocates of criminal conduct. [Defense] counsel has not engaged in *any* sort of misconduct in this matter, criminal or otherwise, and [Masters] rejects any of [Groulx's] assertions to the contrary.

(ECF No. 68, PageID.1434–35 (emphasis in original)). The Undersigned will follow defense counsel's commendable approach to this motion.

In addition to the absence of evidence supporting his serious allegations, Groulx "simply does not have standing to challenge the decision of a government agent or agency to investigate and prosecute, or to not investigate or prosecute third parties, other than the litigant himself or herself." *Adu-Beniako v. Reimann*, No. 20-12402, 2021 WL 4319586, at *2 (E.D. Mich. Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 4310612 (E.D. Mich. Sept. 22, 2021), *aff'd*, No. 21-2978, 2022 WL 4538372 (6th Cir. July 12, 2022). Or, as the Supreme Court has explained, "in American jurisprudence at least, a private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Here, Groulx essentially seeks to prosecute defense counsel for alleged crimes related to Groulx's Michigan FOIA request. He cannot do so.

In the next motion, Groulx seeks sanctions against Masters for violating the scheduling order. (ECF No. 76). Groulx appears to argue that Masters violated the scheduling order's prohibition against filing multiple motions for summary judgment. (*Id.* at PageID.1524–25). Groulx's argument stems from his belief that Masters' motion for judgment on the pleadings and motion for sanctions up to dismissal are actually both motions for summary judgment. (*Id.*).

However, even if the Court converts Masters' motion for judgment on the pleadings into one for summary judgment, Masters' request for sanctions up to dismissal under Federal Rule of Civil Procedure 11 cannot be construed as a motion for summary judgment under Rule 56. Moreover, the Court is not required to sanction a party merely for violating a scheduling order. *See Moses v. Youtube, Inc.*, No. 12-2822-JPM-DKV, 2013 WL 12095203, at *3 (W.D. Tenn. Sept. 23, 2013) ("Despite Moses's non-compliant filings, the court is not prepared to impose sanctions against Moses at this time."). Therefore, Groulx's motion for sanctions will be denied.

In the last of these motions, Groulx highlights that "Masters has remained silent in response to the sworn statements" that Groulx filed on March 17, 2025. (ECF No. 77).  Groulx seemingly relies on Federal Rule of Civil Procedure 56(e), which concerns, in relevant part, the actions that a court *may* take when faced with a party's failure "to properly address another party's assertion of fact" when responding to a motion for summary judgment.  This rule *does not require* a court to take a specific action nor provide any source of relief for Groulx.  Thus, Groulx's motion highlighting Masters' silence will be denied.

In sum, Groulx's motion to petition the Court regarding grievances against defense counsel and oral argument (ECF No. 60), motion to sanction Masters for violating the scheduling order (ECF No. 76), and motion highlighting Masters' silence and requesting relief (ECF No. 77) are **DENIED**.

### F. Masters' Motion to Expedite (ECF No. 83) and Groulx's Motion in Response (ECF No. 84)

The last motions that will be addressed in this Order are Masters' motion to expedite consideration of his motion for judgment on the pleadings (ECF No. 83) and Groulx's motion in response (ECF No. 84).  The Undersigned appreciates the parties' patience in awaiting rulings on the many pending motions in this case.  Masters' motion for judgment on the pleadings will be considered in due course.  Meanwhile, the District Court's order to restrict Groulx's future filings, will relieve defense counsel of the obligation to respond to any additional motions while his

dispositive motion remains pending. Accordingly, Masters' motion to expedite consideration of his motion for judgment on the pleadings (ECF No. 83) and Groulx's motion in response (ECF No. 84) shall be considered **RESOLVED**.

## III. Conclusion

For these reasons, the Undersigned hereby **ORDERS** that

- Masters' motion for a protective order (ECF No. 39) is **GRANTED IN PART**;

- Groulx's motion to modify the scheduling order (ECF No. 64) is **DENIED AS MOOT**;

- Groulx's expedited motion to compel (ECF No. 38), motion to subpoena Masters to appear and provide discovery responses (ECF No. 43), motion for leave to conduct third-party discovery (ECF No. 52), and motion to compel compliance with Michigan FOIA request (ECF No. 79) are **DENIED WITHOUT PREJUDICE**;

- Groulx's motion for a hearing and oral argument (ECF No. 50) and motion for hearings on all pending and future motions (ECF No. 75) are **DENIED**;

- Groulx's motion to petition the Court regarding grievances against defense counsel and oral argument (ECF No. 60), motion to sanction Masters for violating the scheduling order (ECF No. 76), and motion highlighting Masters' silence and requesting relief (ECF No. 77) are **DENIED**; and

11

- Masters' motion to expedite consideration of his motion for judgment on the pleadings (ECF No. 83) and Groulx's motion in response (ECF No. 84) have been **RESOLVED**.

Further, the scheduling order dates are **SUSPENDED** pending the Undersigned's and then District Court's consideration of *all* pending motions. If and when appropriate, the Undersigned will enter an amended scheduling order.

*Groulx may file objections to this order but is still restricted from filing any new motions.*

    **IT IS SO ORDERED.**

Date: June 25, 2025                         S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge