## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PATRICK JOSEPH GROULX,

      *Plaintiff*,

v.

ED MASTER,[1]

      *Defendant*.

_____/

Case No. 1:24-cv-11997

Laurie J. Michelson
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## OMNIBUS REPORT AND RECOMMENDATION ADDRESSING
## ECF Nos. 30, 42, 49, 53, 54, 59, 61, 73, 74, 78, 81, 82

## I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendant Edward Masters' motion for judgment on the pleadings (ECF No. 54). It is further recommended that all other pending motions (ECF Nos. 30, 42, 49, 53, 59, 61, 73, 74, 78, 81, 82) be resolved in the manners described below. If adopted, this case will be dismissed in its entirety.

---

[1] Although misspelled in the complaint and thus on the docket, the Undersigned recognizes that Defendant's name is correctly spelled as "Edward Masters." (ECF No. 17, PageID.80).

II.    **REPORT**

A.    **Introduction**

Patrick Joseph Groulx filed this *pro se* civil rights case under 42 U.S.C. § 1983 against Edward Masters, the Spaulding Township Supervisor.  Plaintiff says that Defendant violated his First Amendment free-speech rights as well as his Fourteenth Amendment due process and equal protection rights by restricting his speech to three minutes at an April 2024 township meeting.  He seeks over eighteen million dollars in damages.  (ECF No. 1).

On June 25, 2025, the Undersigned entered an Omnibus Order resolving thirteen of the twenty-five pending motions in this case.  (ECF No. 99).  This Report and Recommendation ("R&R") will address the remaining twelve motions.  (ECF Nos. 30, 42, 49, 53, 54, 59, 61, 73, 74, 78, 81, 82).  For the reasons explained below, the Undersigned's recommendations are as follows:

- Plaintiff's motion to amend (ECF No. 42) should be **GRANTED IN PART** only to the extent that it seeks to correct the spelling of Defendant's name on the docket, and his related motion in support of his motion to amend (ECF No. 49) should be **DENIED**;

- Plaintiff's motion to strike affirmative defenses (ECF No. 30) should be **DENIED**;

2

- Defendant's motion for judgment on the pleadings (No. 54) should be **GRANTED** and Plaintiff's related motions (ECF Nos. 53, 81, 82) should be **DENIED**;

- Plaintiff's motion for the Court to remove Defendant from his elected position as Supervisor of Spaulding Township and to bar him from ever holding public office again (ECF No. 59), motion for declaratory and injunctive relief regarding the constitutionality of Spaulding Township's grass and weed ordinance (ECF No. 73), motion for summary judgment on the issue of whether it is unconstitutional to limit speaking time at township meetings (ECF No. 74), and motion for declaratory and injunctive relief regarding the constitutionality of Spaulding Township operating a "911 horn" (ECF No. 78) should be **DENIED**; and

- Defendant's motion for sanctions (ECF No. 61) should be **DENIED**, but the Court should **CAUTION** Plaintiff that further vexatious litigation—in this or other cases—may result in the imposition of monetary sanctions.

## B.   Background

In the complaint, Plaintiff alleges that Defendant violated his rights under the United States and Michigan Constitutions at the Spaulding Township meeting that occurred on the evening of April 16, 2024. (ECF No. 1, PageID.2–3). Plaintiff says that Defendant violated his rights "by unlawfully restricting [his] speech to three

minutes[,]" which Plaintiff "assert[s] to be discriminatory, as other individuals have previously been permitted to speak for ten minutes or more at Township meetings." (*Id*. at PageID.3).

Additionally, Plaintiff alleges that Defendant defamed him "[o]n April 2, 2024, at approximately 3:30 PM, during a proceeding at the tax tribunal" in Lansing, Michigan. (*Id.*).  Plaintiff says that "Defendant accused [him] of selling cannabis or cannabis products, thereby implying fraudulent conduct."  (*Id.*).  Defendant also stated, " 'I think he has a job,' " which Plaintiff alleges was meant to "imply that [ ] Plaintiff has committed fraud in [s]tate and [f]ederal [c]ourt by filing [ ] waiver[s] of fees, defrauded Michigan DHS since his wife receives SNAP benefits, and engaged in fraudulent behavior concerning [ ] Plaintiff's poverty exemption in the Tax Tribunal."  (*Id.*).

A few weeks after Plaintiff filed the original complaint, the District Court entered an opinion and order granting his application to proceed *in forma pauperis* and summarily dismissing "without prejudice to refiling in state court" all of Plaintiff's claims—including his claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses—except for his "free speech claims under the United States and Michigan Constitutions."  (ECF No. 4, PageID.29).  The District Court explained that it would "exercise supplemental jurisdiction over [Plaintiff's] free speech claim under the analogous provision of the Michigan Constitution since

it involves largely the same elements as the federal free speech claim."  (*Id.* at

PageID.37).  However, it declined to

> exercise supplemental jurisdiction over [Plaintiff's] state-law claims for
> defamation, gross negligence, due process, and equal protection, which
> have different elements and standards of proof than the remaining
> federal claim, implicate various legal theories and state-law immunity
> matters, and would likely predominate over the federal claim and
> present a significant risk of jury confusion.

(*Id.* at PageID.38).

## C.    Plaintiff's Motion to Amend

The Undersigned begins with Plaintiff's motion for leave to amend his

complaint (ECF No. 42) as well as his related motion in support of his motion to

amend (ECF No. 49).[2]

In his motion to amend, Plaintiff seeks to correct the spelling of Defendant's

name on the docket, add several defendants, and add "additional claims for

retaliation, civil injury, sleep deprivation, partial hearing loss with violations of the

---

[2] The Undersigned declines to consider Plaintiff's supplemental brief in support of his motion to amend (ECF No. 66), which was filed without leave in violation of Eastern District of Michigan Local Rule 7.1(d)(1)(A).  That rule provides: "Unless the court permits otherwise, each motion and response to a motion must be accompanied by a single brief.  The brief may be separate from or may be contained within the motion or response. If contained within the motion or response, the brief must begin on a new page and must be clearly identified as the brief.  A movant may also file a reply brief."  *See, e.g.*, *Med. Protective Co. v. Durrani*, No. 1:22-CV-122, 2023 WL 4182122, at *3 n.2 (S.D. Ohio June 26, 2023) (declining to consider filing styled as a " 'supplemental factual argument' " because it was essentially "a sur-reply, which is not permitted by local rules" without first obtaining leave of court).

Endangered Species Act (ESA), and constitutional violations." (ECF No. 42, PageID.458).

In response, Defendant says that "[w]hile Plaintiff's proposed [a]mended [c]omplaint is confusing and hard to follow, it *is* clear that Plaintiff's proposed amendments have *no* relation to the free speech claims that form the basis of Plaintiff's present action." (ECF No. 45, PageID.704 (emphasis in original)). Defendant argues that Plaintiff moves for leave to amend in bad faith and that granting the motion would prejudice Defendant. (*Id.*). He further argues that the proposed amendments are futile because they would not survive a motion to dismiss and that Plaintiff's attempt to add new defendants is untimely under the Court's scheduling order. (*Id.*).

Plaintiff's reply is difficult to follow, but his relevant arguments appear to be that Defendant's response was untimely under "Court Rule 27(3)(A)" and that the response was unsupported by either "legal or factual grounds." (ECF No. 47, PageID.777). Additionally, Plaintiff contends that Defendant "has engaged in wrongful conduct related to the matter in litigation" and that under "[t]he doctrine of Unclean Hands," he is thus "precluded from obtaining any equitable relief." (*Id.* at PageID.779). Plaintiff requests that the Court (1) apply of the doctrine of unclean hands, (2) strike Defendant's response and sanction him for "repeated violations of

6

court rules and procedures," and (3) grant his motion to amend the complaint. (*Id.* at PageID.781).

Plaintiff also filed an additional motion, which he styled as a motion in support of his motion to amend. (ECF No. 49). In this motion, Plaintiff requests the following relief: (1) recognition of constitutional and statutory violations; (2) denial of Defendant's motions and pleadings; (3) affirmation of his right to a jury trial; (4) injunctive relief; (5) compensatory relief; (6) punitive damages; (7) leave to amend the complaint; (8) his fees and costs; and (9) additional relief. (*Id.* at PageID.895–96).

In response, Defendant asks the Court to either deny or strike Plaintiff's motion. (ECF No. 56). Specifically, Defendant argues that the motion should be stricken because "in reality, [it] operates as a brief in support of the [m]otion to [a]mend, as it is intended to provide additional support for" that motion, and Plaintiff did not first obtain leave to file an additional brief as is required under Eastern District of Michigan Local Rule 7.1(d)(1)(a). (*Id.* at PageID.1037).

Plaintiff seeks to amend his complaint in several ways. In broad terms, he seeks to correct the spelling of Defendant's name on the docket, add additional Defendants, and assert additional claims.

Plaintiff's first request is easily granted. "[P]ursuant to Fed. R. Civ. P. 15(c)(2) and (3), amending the [c]omplaint to merely correct the spelling of

[Defendant's] name–an amendment that prejudices no one–relates back to the filing of the original [c]omplaint[.]" *Johnson v. Skolski*, No. 06-13904, 2007 WL 141961, at *3 (E.D. Mich. Jan. 16, 2007).  Therefore, the Clerk should be directed to update the docket to reflect that the sole Defendant in this matter is "Edward Masters."

Plaintiff's proposed new claims all stem from events occurring after those described in the original complaint.  The claims sound under various constitutional amendments and statutes, but they all relate to retaliation that Plaintiff alleges he has faced since filing this lawsuit.  Thus, "[b]ecause the motion seeks to add new claims based on events occurring since [Plaintiff] filed [his] original complaint, the motion is properly construed as a motion to supplement the complaint rather than a motion to amend." *Morris v. City of Memphis*, No. 19-CV-2874-MSN-TMP, 2020 WL 13876900, at *1 n.2 (W.D. Tenn. Dec. 11, 2020).

Federal Rule of Civil Procedure 15(b) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "As such, Rule 15(d) contemplates that the supplemental factual allegations may give rise to new legal theories against new defendants." *Goldman v. Elum*, No. 2:19-CV-10390, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019).  Moreover,

> [w]hile supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint, *Keith v. Volpe*, 858

F.2d 467, 474 (9th Cir. 1988), there must be some connection between the claims as filed and the supplemental ones: "A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008). Instead, "[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims*." Imelmann v. Michigan Dep't of Corr.*, No. 12–10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).

A court may therefore "deny a motion to supplement when the supplemental pleading could be the subject of a separate action." *Mullen*, 590 F. Supp. 2d at 1238. Granting or denying a motion to supplement is left to a district court's "broad discretion." *Diaz v. City of Inkster*, No. 05–70423, 2006 WL 2192929, at *13 (E.D. Mich. Aug. 2, 2006). While supplementation should be "freely granted," reasons to deny include the futility of supplemental claims because they fail to state a claim upon which relief may be granted. *See, e.g.*, *Bromley v. Michigan Educ. Ass'n–NEA*, 178 F.R.D. 148, 153–54 (E.D. Mich. 1998).

*Id.*

Additionally, [i]n determining whether a party may amend or supplement a complaint, the [c]ourt must be mindful of the rule regarding joinder of parties and claims." *Gibbs v. Skytta*, No. 2:18-CV-00139, 2021 WL 11443267, at *2 (W.D. Mich. Jan. 12, 2021)   Rule 20(a)(2) provides that "[p]ersons . . . may be joined in one action as defendants if" the following two requirements are met:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In other words, "a plaintiff may not 'combine into one

lawsuit unrelated claims against different defendants.' " *Finnell v. DeWine*, No. 2:24-CV-55, 2024 WL 4699932, at \*2 (S.D. Ohio June 3, 2024), *report and recommendation adopted*, 2024 WL 4553039 (S.D. Ohio Oct. 23, 2024) (quoting *Robinson v. Rodarte*, No. 16-13691, 2017 WL 1017929, at \*2 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted*, 2017 WL 994350 (E.D. Mich. Mar. 15, 2017)); *see also Green v. Tudor*, No. 1:08-CV-51, 2009 WL 10726968, at \*1 (W.D. Mich. Mar. 16, 2009) (collecting cases in support of the proposition that "district courts have often denied leave to amend when a plaintiff attempts to conglomerate a number of unrelated incidents into a single civil action"). A court may deny a motion to amend or supplement if the proposed "claims would be subject to severance and dismissal without prejudice for misjoinder under Rule 21." *Finnell*, 2024 WL 4699932, at \*2.

In *Gibbs*, the plaintiff also sought to add retaliation claims based on events that allegedly occurred after he filed his lawsuit. In denying the plaintiff's motion, the court noted that "it is not error for a court to deny a motion to supplement when the supplemental pleading could be the subject of a separate action." *Gibbs*, 2021 WL 11443267, at \*2. Plaintiff's motion should be denied on this ground.

Finally, the Undersigned will briefly address the parties' arguments regarding timeliness.

Defendant argues that Plaintiff's motions are untimely under the scheduling

order. (ECF No. 45, PageID.715–16). The scheduling order set forth a deadline of February 10, 2025, for both motions to join new parties and motions to amend. (ECF No. 28, PageID.146). Plaintiff's motion to amend was filed on February 3, 2025, and was thus timely. (*See* ECF No. 42). To the extent that Defendant's argument is based on the rationale that Plaintiff needed to file a separate motion specifically requesting joinder and that he failed to do so by the deadline, the Undersigned declines to enforce such a rigid reading of the scheduling order against a *pro se* party.

That said, Defendant's argument is well taken as to Plaintiff's motion in support of the motion to amend. The second motion was filed on February 23, 2025, and is thus untimely. (*See* ECF No. 49). Plaintiff has not shown good cause for filing the motion after the deadline. Additionally, Defendant's argument that the motion is essentially an unauthorized sur-reply in support of the motion to amend is well taken. *See supra* note 2. For either or both reasons, Plaintiff's motion in support of the motion to amend should be denied.

Plaintiff's argument that Defendant's response to the motion to amend was untimely appears to be based on a mistaken understanding of the local rules. (*See* ECF No. 47, PageID.777). Plaintiff says that Defendant was required to file a response within ten days of the motion being filed and that he failed to do. (*Id.*). However, Defendant actually had fourteen days from when the motion was filed to respond, meaning his response was timely. *See* E.D. Mich. LR 7.1(e)(1). Plaintiff's

other arguments—including that Defendant's response "lacks any articulated legal or factual grounds to support the relief sought"—are not well taken and will not be further discussed.   Therefore, the Undersigned recommends that the Court deny Plaintiff's motions (ECF Nos. 42, 49) except to the extent that Plaintiff asks for the docket to be updated to correct the spelling of Defendant's name.

### D.   Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff moves to strike Defendant's affirmative defenses, arguing that "they are legally deficient, factually unsupported, and serve only to delay the proceedings." (ECF No. 30, PageID.154).

After being served, Defendant properly filed an answer along with the following affirmative defenses:

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the common law doctrines of governmental immunity and/or sovereign immunity, including absolute and/or qualified immunity.

3. Defendant relies upon and asserts all defenses available to it under the Michigan Governmental Immunity Statutes.

4. Plaintiff has failed to state or otherwise plead claims or facts in avoidance of Defendant's governmental immunity.

5. Plaintiff was not engaged in constitutionally protected speech.

6. The alleged restriction on Plaintiff's speech was not content based.

7. The alleged restriction on Plaintiff's speech was neutral as to viewpoint and subject matter.

8. The alleged deprivation of Plaintiff's First Amendment rights occurred in a designated public forum.

9. The alleged restriction on Plaintiff's speech was in accordance with a reasonable time, place, and manner regulation.

10. A rule that restricts public comments to three minutes for all speakers is a reasonable time, place, and manner regulation that is viewpoint neutral and leaves open ample alternative channels of communication.

11. Plaintiff has or may have failed to mitigate his damages, if any.

12. Plaintiff's unclean hands do or may prohibit Plaintiff from recovering some or all of the relief requested.

13. The constitutional deprivations alleged by Plaintiff were not caused by a policy or custom of Spaulding Township.

14. Defendant should be dismissed as Plaintiff's official capacity claims must be pursued only against the Township.

15. One or more of Plaintiff's claims are barred by the statute of limitations or laches.

16. This Court should refuse to exercise supplemental jurisdiction over the state law claims.

17. Pursuant to Order of this Court (ECF No. 4), other than Plaintiff's free speech claims, all claims have been dismissed.

18. Defendant reserves the right to supplement and amend these affirmative defenses as further information is learned through discovery.

(*Id.* at PageID.107–08).

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(2).  "Motions to strike are viewed with disfavor and are not frequently granted."  *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).  "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case."  *G & W Constr. Co.*, 783 F.3d at 569 (internal

14

quotation marks and citation omitted).  Ultimately, "the decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2; *see also Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.").

A motion to strike is "properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotation marks and citations omitted); *see also Hahn v. Best Recovery Servs., LLC*, No. 10–12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010) ("A motion to strike an affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." (internal quotation marks and citations omitted)).  "The motion also is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id*. (internal quotation marks and citations omitted). That said, "a motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (internal

quotation marks and citation omitted); *Hahn*, at *2 (noting that "a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits" (internal quotation marks and citation omitted)).

Under Federal Rule of Civil Procedure 8(b), a party is required to "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). "The purpose of [the rule] is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Moreover, "[a]lthough [d]efendants bear the burden of proving their affirmative defenses, they are not required to describe facts supporting those affirmative defenses" when pleading them. *Pough v. DeWine*, No. 2:21-cv-00880, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023).

Here, Defendant has met the requirements of Rule 8(b). He stated his affirmative defenses in short and plain terms and did so in a way that gave Plaintiff notice of what defenses are involved in this litigation. Nothing additional is required.

The bulk of Plaintiff's motion is devoted to arguing the merits of the affirmative defenses as well as reiterating his demands for relief. However, a motion to strike affirmative defenses is not a proper way to present these arguments. Instead, Plaintiff's arguments on the merits will be addressed later in this R&R in

the context of Plaintiff's opposition to Defendant's motion for judgment on the pleadings.

In sum, because "[D]efendant bears the burden of proving [his] affirmative defenses[,]" the Undersigned finds "there is no prejudice to [P]laintiff in allowing these defenses to stand." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *3. Thus, Plaintiff's motion to strike affirmative defenses (ECF No. 30) should be denied.

## E.    Defendant's Motion for Judgment on the Pleadings

As noted above, Plaintiff's free-speech claims[3] are the only claims that survived screening. Defendant now moves for judgment on the pleadings on these claims. (ECF No. 54). Before turning to the merits of this motion, the Undersigned will first consider three related motions filed by Plaintiff. (ECF Nos. 53, 81, 82).

### 1.    Plaintiff's Motions

Plaintiff has filed three motions related to the motion for judgment on the pleadings, which are as follows: (1) a filing styled as a "preemptive strike motion to counter any dismissal response regarding content-neutrality" (ECF No. 53); (2) a

---

[3] Plaintiff brings free-speech claims under both the U.S. Constitution and the Michigan Constitution. This subsection's analysis applies to both claims. *See Atlanta Cmty. Sch. v. Alpena-Montmorency-Alcona Educ. Serv. Dist.*, No. 11-14361, 2012 WL 4133563, at *14 (E.D. Mich. Sept. 18, 2012) ("The language contained in the First Amendment of the United States Constitution and the Michigan free speech clause are similar, and provide that the rights to free speech under the Michigan and federal constitutions are coterminous. Thus, federal authority construing the First Amendment may be used in construing the Michigan Constitution's free speech guarantee." (cleaned up)).

motion to strike Defendant's excess dismissal motions (ECF No. 81); and (3) a filing styled as a "motion of Defendant's mischaracterizing of content neutrality for speech" (ECF No. 82). All three motions should be denied.

The first and third motions are similar to Plaintiff's motion in support of his motion to amend, which was discussed in a previous subsection of this R&R. All three motions are essentially additional briefing on other motions. Accordingly, they should be denied under Local Rule 7.1(d)(1)(A), which provides that "[u]nless the court permits otherwise, each motion and response to a motion must be accompanied by a single brief." *See supra* note 2.

In the second motion, Plaintiff moves to strike Defendant's excess dismissal motions. (ECF No. 81). Plaintiff raised the same arguments in an earlier motion to sanction Defendant for violating the scheduling order. (ECF No. 76). The Undersigned denied this motion in the Omnibus Order, explaining that Plaintiff's "argument stems from his belief that [Defendant's] motion for judgment on the pleadings and motion for sanctions up to dismissal are actually both motions for summary judgment." (ECF No. 99, PageID.1692). It was further explained that

> even if the Court converts [Defendant's] motion for judgment on the pleadings into one for summary judgment, [Defendant's] request for sanctions up to dismissal under Federal Rule of Civil Procedure 11 cannot be construed as a motion for summary judgment under Rule 56. Moreover, the Court is not required to sanction a party merely for violating a scheduling order. *See Moses v. Youtube, Inc.*, No. 12-2822-JPM-DKV, 2013 WL 12095203, at *3 (W.D. Tenn. Sept. 23, 2013)

("Despite Moses's non-compliant filings, the court is not prepared to impose sanctions against Moses at this time.").

(*Id.*).  Thus, for the same reasons that the Undersigned denied Plaintiff's motion for sanctions, the Court should deny his motion to strike Defendant's excess dismissal motions (ECF No. 81).

### 2.   Legal Standard

Courts apply the same legal standard when considering either a motion to dismiss or a motion for judgment on the pleadings.  *See, e.g.*, *Doe v. Sentech Emp. Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016) ("The standard of review applicable to a motion for judgment on the pleadings is the same standard applicable to a motion to dismiss under Rule (b)(6).").

"[C]ourts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [his] claims that would entitle [him] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  That said, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of

action." *Id.*  The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

"To plausibly state a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.' " *Whitacre v. Adult Parole Auth.*, No. 2:23-CV-3625, 2024 WL 4750214, at *2 (S.D. Ohio Nov. 12, 2024).  (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)).  A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint.  *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).  Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

When a plaintiff proceeds without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even *pro se* complaints must satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### 3.    Analysis

Courts use the following "three-step inquiry" when considering free-speech claims: (1) "whether the speech at issue is afforded constitutional protection;" (2) "the nature of the forum where the speech was made; and" (3) "whether the government's action in shutting off the speech was legitimate, in light of the applicable standard of review." *Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 242 (6th Cir. 2015).  Defendant's motion challenges only the second and third steps of this inquiry.  (ECF No. 54, PageID.1011).

"The right to free speech is not absolute, especially when a would-be speaker seeks access to government property as a platform for his speech." *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009).  "The Supreme Court has recognized three types of public fora: the traditional public forum, the designated public forum, and the limited public forum." *Miller v. City of Cincinnati*, 622 F.3d 524, 534 (6th Cir. 2010) (citing *Pleasant Grove v. Summum*, 555 U.S. 460 (2009)).

The instant case involves a township meeting,[4] which is the "type of meeting [that] offers citizens a chance to express their views," but that "cannot accommodate the sort of uninhibited, unstructured speech that characterizes a public park." *Id.*  In

---

[4] Plaintiff is inconsistent in his response regarding whether he believes that the meeting was a limited public forum.  Regardless, "[a] city council meeting is the quintessential limited public forum, especially when citizen comments are restricted to a particular part of the meeting." *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 728 (E.D. Mich. 2003).

other words, such a "meeting is not a forum for unregulated speech." *Morgenthaler*

*v. Chelsea City Couns.*, No. 2:23-CV-12151, 2024 WL 3824878, at *4 (E.D. Mich.

July 25, 2024), *report and recommendation adopted sub nom. Morgenthaler v.*

*Chelsea City Council*, 2024 WL 4024499 (E.D. Mich. Sept. 3, 2024).  Instead,

> [i]t is recognized as a "designated" and "limited" public forum:
> "designated because the government has intentionally opened it for
> public discourse, and limited because the [government] is not required
> to . . . allow persons to engage in every type of speech in the forum."
> Within such a forum, the government may regulate the time, place and
> manner of speech so long as the regulation is (1) content-neutral, (2)
> narrowly tailored to serve a significant governmental interest and (3)
> leaves open other alternative channels for communication of the
> information.

*Id.* (quoting *Lowery*, 586 F.3d at 432).

Here, Plaintiff alleges that at a township meeting, Defendant restricted his

speaking time to three minutes and that Plaintiff complied out of duress.  Plaintiff

further alleges that he could not locate a written policy containing this restriction and

that other individuals were allowed to speak for up to ten minutes at prior township

meetings.  Notably, Plaintiff does not allege that other individuals were allowed to

speak for longer than three minutes at the township meeting in question nor that

Defendant even knew the content of Plaintiff's speech when he restricted Plaintiff's

speaking time.  In fact, Plaintiff's response indicates that the time limit applies to all

"non-government speakers, . . . while government entities (e.g., township official or

departments) face no time restriction when presenting monthly reports."  (ECF No.

58, PageID.1056–57).  Courts have repeatedly held that the enforcement of similar time limits during school board or municipal meetings does not violate a plaintiff's right to free speech.  *See, e.g.*, *Lowery*, 586 F.3d 427 (five-minute time limit); *Youkhanna v. City of Sterling Heights*, 332 F. Supp. 3d 1058, 1064 (E.D. Mich. 2018) (two-minute time limit), *aff'd*, 934 F.3d 508 (6th Cir. 2019).

In an analogous case, another magistrate judge in this District recommended dismissal of the plaintiff's free-speech claim.  *Morgenthaler*, 2024 WL 3824878, at *4–5.  The magistrate judge reasoned that even though the plaintiff alleged "that her speech [at the school board meeting] was critical of the principal of a Chelsea elementary school[,]" she had

> not allege[d] that she was instructed to stop speaking due to the content of her speech, as opposed to some content-neutral reason.  She also fail[ed] to allege facts that the attempt to curtail her speech was not narrowly tailored, or that she had no alternative channels through which to communicate her concerns.

*Morgenthaler*, 2024 WL 3824878, at *5.  The same is true here.  Therefore, Defendant's motion for judgment on the pleadings on Plaintiff's free-speech claims (ECF No. 54) should be granted.

## F.    Plaintiff's Remaining Motions

Plaintiff's four remaining motions all request the Court to grant various forms of relief.  (*See* ECF Nos. 59, 73, 74, 78).  In the first, Plaintiff requests that the Court remove Defendant from his elected position as Supervisor of Spaulding Township

and to bar him from ever holding public office again. (ECF No. 59). Next, Plaintiff moves for declaratory and injunctive relief regarding the constitutionality of Spaulding Township's grass and weed ordinance. (ECF No. 73). He also moves for summary judgment on the issue of whether it is unconstitutional to limit speaking time at township meetings. (No. 74). Finally, he moves for declaratory and injunctive relief regarding the constitutionality of Spaulding Township operating a "911 horn." (ECF No. 78). Each of these motions should be denied.

Two of Plaintiff's motions request declaratory and injunctive relief for matters unrelated to this case. As another magistrate judge in this District recently explained, "an injunction should not issue when it deals with a matter lying wholly outside the issues in the suit. A motion for preliminary injunctive relief is not the proper method for [a] plaintiff to use in an attempt to address other issues unrelated to his original complaint." *Wilson v. Joseph*, No. 23-10863, 2024 WL 463312, at *1 (E.D. Mich. Jan. 8, 2024) (internal quotation marks and citations omitted), *report and recommendation adopted*, 2024 WL 459054 (E.D. Mich. Feb. 6, 2024). Only Plaintiff's free-speech claims survived screening. (ECF No. 4). These motions complain of unrelated issues, *i.e.*, the constitutionality of Spaulding Township's grass and weed ordinance and the constitutionality of its operation of a "911 horn." (*See* ECF Nos. 73, 78). Because these motions are unrelated to Plaintiff's surviving

claims, they should be denied.  *See id.* ("Because the motion deals with matters wholly outside the complaint, it should be denied.").

Plaintiff's motion to remove Defendant from his elected position as Supervisor of Spaulding Township and to bar him from ever holding public office again (ECF No. 59) requests relief that this Court does not have the power to grant. Under Michigan law, the power to remove township officials from office for misconduct rests with the governor.  M.C.L. § 168.369.

In a similar case, the plaintiff sought various forms of injunctive relief, including

> (1) that "Defendants resign as a judge in Kentucky or from their current elected office and never run for an elected office again or are never appointed to such position again" and have all retirement benefits "taken away from them, forever" [and] (2) that Defendants are disbarred from practicing law and "never run for an elected office again[.]"

*Flint v. Acree*, No. 3:15-CV-588-DJH, 2015 WL 9275743, at *3 (W.D. Ky. Dec. 18, 2015).  The court denied the requested relief, explaining in relevant part that

> [w]ith regard to Plaintiff's demand that Defendants be removed from their judicial positions, this Court has no jurisdiction to take such action.  The power to do so lies with Kentucky's Judicial Conduct Commission and the Supreme Court of Kentucky.  *See Gormley v. Judicial Conduct Comm'n,* 332 S.W.3d 717, 725 (Ky. 2011) ("Section 121 of the Kentucky Constitution authorizes the [Judicial Conduct Commission] to . . . remove, a judge or justice for good cause, with judicial review directly to the [Kentucky] Supreme Court.").  This Court likewise has no jurisdiction to disbar Defendants, as Plaintiff requests.  *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal

judiciary, have autonomous control over the conduct of their officers, among whom . . . lawyers are included."); *In re Baumgartner*, 123 [F. App'x] 200, 203 (6th Cir. 2005) (recognizing that the state has jurisdiction to disbar an attorney and that the state's power of disbarment cannot be upset by federal review).

*Id.* The same reasoning applies here.  The Court does not have jurisdiction to grant the requested relief.  Thus, Plaintiff's motion (ECF No. 59) must be denied.

Plaintiff's motion for summary judgment on the issue of whether it is unconstitutional to limit speaking time at township meetings (No. 74) should be denied because he cannot be awarded summary judgment on these claims if the Undersigned's recommendation to grant Defendant's motion for judgment on the pleadings is adopted.  Dismissal of a claim necessarily precludes entry of summary judgment in the plaintiff's favor on the same claim.

### G.   Defendant's Motion for Sanctions

The final matter before the Court is Defendant's motion for sanctions under Federal Rule of Civil Procedure 11.  (ECF No. 61).  Defendant requests that the Court strike several of Plaintiff's fillings, dismiss the case, and assess monetary sanctions "in an amount that will compensate Defendant for his reasonable fees and costs incurred in defending this action."  (*Id.* at PageID.1167).  The first two requests are mooted by the Omnibus Order (ECF No. 99) and the recommendations made earlier in this R&R, meaning the Court need only decide whether to impose monetary sanctions against Plaintiff.

Rule 11 requires that each pleading and motion be signed by an attorney or the party if the party is proceeding without the assistance of counsel. The rule explains that by presenting a filing with her signature to the court, a party (even an unrepresented one), "certifies to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [i]t is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law." Fed R. Civ. P. 11(b). If a court determines that Rule 11(b) has been violated, it may impose sanctions—including monetary ones—on the party that violated it. This includes parties who are not represented by counsel, such as Plaintiff.

Additionally, a district court may assess sanctions against parties "under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . or when conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). "The concept of 'bad faith' conduct does not refer to conduct that is merely negligent, but includes conduct that is either intentional or reckless." *Webastro Thermo & Comfort North Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 939–40 (E.D. Mich. 2018). Likewise, a court "has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409,

420 (6th Cir. 2003).  "[A] court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings."  *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).

As explained above, Plaintiff's federal and state free-speech claims lack merit, and Plaintiff has made numerous filings that were not proper under the federal and local rules.  That said, Plaintiff is proceeding *pro se* and *in forma pauperis*, and the District Court's screening order left his free-speech claim intact, meaning that it was not found to be patently frivolous at that stage.  While Plaintiff's *pro se* and *in forma pauperis* status does not preclude an imposition of monetary sanctions, *see Deutsche Bank Nat'l Tr. Co. v. Wolf*, No. 1:15-CV-814, 2016 WL 4471683, at *2 (S.D. Ohio July 27, 2016), *report and recommendation adopted*, 2016 WL 4449563 (S.D. Ohio Aug. 24, 2016) (finding fees to be warranted against the defendants for improper removal), such factors may be considered in the court's determination, s*ee Davis v. Parker*, No. 1:17-CV-00082, 2018 WL 6340945, at *1 (M.D. Tenn. Dec. 5, 2018) (considering the plaintiff's *pro se* and *in forma pauperis* status in declining to award monetary sanctions).  In an unpublished table opinion, the Sixth Circuit opined that for purposes of deterrence, "[m]onetary sanctions or cost awards are obviously meaningless when assessed against *in forma pauperis* plaintiffs."  *Bout v. Michigan Dep't of Corr.*, 933 F.2d 1007 (6th Cir. 1991) (table); *see also Fields v. Fowler*, 889

F.2d 1087 (6th Cir. 1989) (stating that "monetary sanctions were not a realistic alternative given that [the plaintiff] was proceeding in forma pauperis.").

Plaintiff has a history of vexatious litigation in this District, which the Undersigned detailed in *Groulx v. Takeda Pharm. Co.*, No. 1:24-CV-12000, 2024 WL 4251909, at *3–4 (E.D. Mich. Aug. 21, 2024), *report and recommendation adopted in relevant part*, 2025 WL 415746 (E.D. Mich. Feb. 6, 2025). At that time, Plaintiff had filed over a dozen lawsuits, including eight during the summer of 2024. On February 6, 2025, the Honorable Thomas L. Ludington adopted the Undersigned's recommendation to enjoin Plaintiff "from filing any further lawsuits in the United States District Court for the Eastern District of Michigan without obtaining leave of court." 2025 WL 415746, at *7.

Given Plaintiff's *pro se* status and the fact that he has already been enjoined from filing new lawsuits in this District, the Undersigned does not recommend imposing monetary sanctions at this time but instead recommends that Plaintiff be cautioned that further vexatious litigation—in this or other cases—may result in the imposition of monetary sanctions.

## H.    Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendant's motion for judgment on the pleadings (ECF No. 54) and resolve the

other pending motions (ECF Nos. 30, 42, 49, 53, 59, 61, 73, 74, 78, 81, 82) in the manners described above.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a

concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 30, 2025

s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge