UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GROULX,

    Plaintiff,

v.

ED MASTERS,

    Defendant.

Case No. 24-11997
Magistrate Judge Patricia T. Morris
Honorable Laurie J. Michelson

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS [102] AND ADOPTING REPORT AND RECOMMENDATION [101]

Patrick Groulx attended an April 16, 2024, Spaulding Township meeting. He attempted to speak but Township Supervisor Edward Masters restricted him to three minutes and made false statements about him. So Groulx filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983, alleging Masters violated his First Amendment free speech rights, the Michigan Constitution, and state defamation laws. (ECF No. 1.) He also brings gross negligence claims. (*Id.*) He seeks over $18 million in damages. (*Id.*)

All pretrial matters in this case were referred to Magistrate Judge Patricia T. Morris. (ECF No. 14.) Shortly thereafter, Groulx filed twenty-four motions in quick succession, demonstrating a "pattern of repetitive, frivolous, or vexatious filings." *See Sifuentes v. Michigan*, No. 24-10827, 2024 U.S. Dist. LEXIS 212225, at *6–7 (E.D. Mich. Nov. 21, 2024) (quoting *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023)). Accordingly, this Court ordered Groulx to "cease filing all motions" until Judge

Morris "had the opportunity to address the motions" that were "pending before her." (ECF No. 85, PageID.1603.)

On June 25, 2025, Judge Morris issued an omnibus order ruling on eleven of Groulx's non-dispositive motions as well as two filed by Masters. (ECF No. 99.) Most recently, Judge Morris issued an "omnibus report and recommendation" to:

- Grant in part Groulx's motion to amend (ECF No. 42) only to the extent that it seeks to correct the spelling of Masters' name on the docket.

- Deny Groulx's related "motion to support" his motion to amend (ECF No. 49).

- Deny Groulx's motion to strike Masters' affirmative defenses (ECF No. 30).

- Grant Masters' motion for judgment on the pleadings (ECF No. 54).

- Deny Groulx's "Preemptive Strike Motion to Counter Any Dismissal Response Regarding Content-Neutrality" (ECF No. 53).

- Deny Groulx's motion to "Strike Defendant's Excess Dismissal Motions" (ECF No. 81).

- Deny Groulx's "Motion of Defendant's Mischaracterizing of Content Neutrality for Speech" (ECF No. 82).

- Deny Groulx's motion for the Court to remove Masters from his elected position as Supervisor of Spaulding Township and to bar him from ever holding public office again (ECF No. 59).

- Deny Groulx's motion for declaratory and injunctive relief regarding the constitutionality of Spaulding Township's grass and weed ordinance (ECF No. 73).

- Deny Groulx's motion for summary judgment on the issue of whether it is unconstitutional to limit speaking time at township meetings (ECF No. 74).

- Deny Groulx's motion for declaratory and injunctive relief regarding the constitutionality of Spaulding Township operating a "911 horn" (ECF No. 78).

- Deny Masters' motion for sanctions (ECF No. 61). But caution Groulx that further vexatious litigation may result in the imposition of monetary sanctions.

(*See generally* ECF No. 101.)

Now before the Court are Groulx's timely objections. (ECF No. 102.) Because the Court agrees with Judge Morris' analysis, the Court will overrule Groulx's objections and adopt the report and recommendation.

**I.**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr.

16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## II.

Here, Groulx makes five objections. First, Groulx argues that Judge Morris erred by not allowing him to amend his complaint where amendment would have cured his pleading deficiencies. (*See generally* ECF No. 102.) Next, Groulx objects to the application of the three-strikes rule under 28 U.S.C. § 1915(g) ("the PLRA"), arguing Judge Morris erred in (1) recommending the application of the three-strikes rule under the PLRA after allowing the case to proceed through discovery, (2) determining that his prior dismissals constituted "strikes" as defined by the statue, and (3) failing to consider the imminent danger exception to the three-strikes rule.

4

(*Id.*) Finally, Groulx's fifth objection seems to argue that the PLRA is unconstitutional as applied to him because it infringes upon his "First Amendment petition rights and Fourteenth Amendment equal protection [rights by] treating prisoners differently from non-prisoners without rational basis."[1] (*Id.* at PageID.1748.)

Start with Groulx's first objection—that Judge Morris should not have denied his motion to amend the complaint (ECF No. 42). Groulx says that "[t]he R&R identifies two primary deficiencies in [his] complaint: (1) failure to adequately allege deprivation of a right secured by the Constitution or laws of the United States, and (2) failure to allege that such deprivation was caused by a person or persons acting under color of state law." (ECF No. 102, PageID.1731.) But, he says, these "are curable deficiencies" that his amended complaint could have accounted for. (*Id.*) Moreover, Judge Morris should have granted leave to amend, says Groulx, because his motion "was timely, made in good faith to address any perceived issues, and sought only to consolidate allegations, add necessary parties, and clarify claims." (*Id.* at PageID.1732–1733.)

Groulx both mischaracterizes and fails to grapple with Judge Morris' analysis on this point. In her report and recommendation, Judge Morris explained that Groulx's motion to amend included "new claims," all of which "stem[med] from events occurring *after* those described in the original complaint." (ECF No. 101, PageID.1706

---

[1] It is worth note that this argument makes little sense here—Groulx is not a prisoner. Nevertheless, because he filed an application to proceed *in forma pauperis* (ECF No. 2), the PLRA applies to him all the same. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

(emphasis added).) And so, "because the motion [sought] to add new claims based on events occurring since Plaintiff filed his original complaint, the motion [was] properly construed as a motion to supplement the complaint rather than a motion to amend." (*Id.* (citing *Morris v. City of Memphis*, No. 19-2874, 2020 WL 13876900, at *1 n.2 (W.D. Tenn. Dec. 11, 2020) (cleaned up).)

Federal Rule of Civil Procedure 15(d) governs motions to supplement, providing that upon motion, "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). But, as Judge Morris explained, a court may "deny a motion to supplement when the supplemental pleading could be the subject of a separate action." (*Id.* at PageID.1701 (citing *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008).)

Indeed, when "determining whether a party may . . . supplement a complaint, the court must be mindful of the rule regarding joinder of parties and claims"—that is, Federal Rule of Civil Procedure 20. *Gibbs v. Skytta*, No. 18-00139, 2021 WL 11443267, at *2 (W.D. Mich. Jan. 12, 2021). Under that rule, "a plaintiff may not combine into one lawsuit unrelated claims against different defendants." *See Finnell v. DeWine*, No. 24-CV-55, 2024 WL 4699932, at *2 (S.D. Ohio June 3, 2024), *report and recommendation adopted*, 2024 WL 4553039 (S.D. Ohio Oct. 23, 2024). Thus, generally, "[a] supplemental pleading cannot be used to introduce a separate, distinct[,] and new cause of action." *Goldman v. Elum*, 2019 WL 3289819, at *5 (E.D. Mich., July 22, 2019.)

Here, Groulx's motion to amend sought to add three John Doe defendants as well as Spaulding Township. (ECF No. 42, PageID.458.) Similarly, he sought to "include additional claims for retaliation, civil injury, sleep deprivation, partial hearing loss with violation of the Endangered Species Act (ESA), and constitutional violations." (*Id.*) Accordingly, Judge Morris found that Groulx's motion to amend should be denied because his new claims against new parties could be the subject of a separate action. (ECF No. 101, PageID.1708); *see Gibbs*, 2021 WL 11443267, at *2 (denying plaintiff's motion to add retaliation claims based on events that allegedly occurred after he filed suit in part because "adding new unrelated claims to this complaint will only serve to factually complicate an already confusing complaint").

Groulx's objection does not address this analysis whatsoever. To the contrary, Groulx ignores the fact that Judge Morris construed his motion to amend as a motion to supplement and consequently ignores the relevant standards and relevant law. Instead, Groulx merely argues that Judge Morris "err[ed] in concluding the deficiencies [in his complaint] are incurable" (ECF No. 102, PageID.1735)—something Judge Morris did not conclude—and argues that under the "liberal standards of amendment" and the "lenient construction afforded [to] *pro se* pleadings" this Court should allow amendment (*id.* at PageID.1731). Because this Court finds no error in Judge Morris' analysis, and because Groulx fails to point the Court towards any candidates, the Court overrules Groulx's first objection.

The remainder of Groulx's objections are about the PLRA and its application to his case. He says that Judge Morris erred "in recommending the application of the

7

three-strikes rule . . . after waiving its initial application, granting IFP status, and allowing the case to proceed through discovery." (ECF No. 102, PageID.1737.) He argues that his "prior actions" did not count as "strikes" under the PLRA. (*Id.* at PageID.1742.) And he argues that Judge Morris should have considered and applied the "imminent danger exception in § 1915(g)" due to the "ongoing unauthorized property entries, destruction of endangered species, and abuses of power" that have allegedly occurred since he initiated this lawsuit. (*Id.* at PageID.1745–1746.)

The problem for Groulx, however, is that Judge Morris did not invoke the PLRA or its three-strikes rule in dispensing of Groulx's pending motions and granting Masters' motion for judgment on the pleadings. Indeed, Groulx's PLRA-related objections seem to be completely detached from Judge Morris' analysis.

Far from invoking the PLRA's three-strike rule, Judge Morris granted Masters' motion for judgment on the pleadings on the merits, explaining that Masters did not violate Groulx's First Amendment rights. (ECF No. 101, PageID.1721.) Judge Morris explained that a township meeting, like the one Groulx attended, is considered a limited public form, and within such a forum "the government may regulate the time, place and manner of speech so long as the regulation is (1) content-neutral, (2) narrowly tailored to serve a significant governmental interest and (3) leaves open other alternative channels for communication of the information." (*Id.* at PageID.1720 (citing *Morgenthaler v. Chelsea City Couns.*, No. 23-12151, 2024 WL 3824878, at *4 (E.D. Mich. July 25, 2024), *report and recommendation adopted*, 2024 WL 4024499 (E.D. Mich. Sept. 3, 2024).) Here, Groulx did not allege that he was

8

instructed to stop speaking due to the content of his speech, that any attempts made to curtail his speech were not narrowly tailored, or that there were no other alternative channels through which to express his concerns.[2] So Judge Morris found that Masters' motion for judgment on the pleadings should be granted. (ECF No. 101, PageID.1721.) Groulx articulates no specific objections to this analysis. And this analysis does not rest on the application of the PLRA. Accordingly, the Court overrules his remaining objections.

### III.

For the reasons above, the Court OVERRULES Groulx's objections (ECF No. 102) and ADOPTS the report and recommendation (ECF No. 101). Accordingly, Masters' motion for judgment on the pleadings (ECF No. 54) is GRANTED and Groulx's remaining motions (ECF Nos. 30, 42, 49, 53, 59, 61, 73, 74, 78, 81, 82) are DENIED. Likewise, Masters' motion for sanctions (ECF No. 61) is DENIED, but the Court will caution Groulx that further vexatious litigation may result in the imposition of monetary sanctions. This case is DISMISSED.

SO ORDERED.
Dated: August 20, 2025

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE

---

[2] As an aside, the Court notes that in his "Motion of Defendants' Mischaracterizing the Content of Neutrality for Speech," Groulx elaborates that Masters "has reduced speaking time for all private citizens, including Plaintiff, at township meetings from unlimited, to 10 minutes, then to 5 minutes, and subsequently to 3 minutes over successive years." (ECF No. 82, PageID.1268.) But the Sixth Circuit has long held that such time-restrictions in limited public forums are constitutional. *See Lowery v. Jefferson County Bd. of Educ.*, 586 F.3d 427, 433 (6th Cir. 2009).